UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jill M. Rosen; an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC., a foreign corporation,<br><br>        Defendant. | Case No.:   8:14-CV-1083 (MAD/RFT)<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

**COMPLAINT FOR DAMAGES**

### I.    INTRODUCTION

1.    Jill M. Rosen ("Plaintiff") brings this action against Performant Recovery, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The FDCPA prohibits false or deceptive practices in connection with the collection of debts. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

### III.   PARTIES

4. Plaintiff is an individual, residing in Jay, Essex County, New York 12941. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a foreign corporation registered under the laws of the State of California. Defendant's principle place of business is 333 N Canyons Parkway, Suite 100, Livermore, California 94551.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Oklahoma. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt originally incurred with another creditor ("alleged debt").

8. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes,

whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

9. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number 209-858-3919. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone number 209-858-3919.

10. Within one year prior to the filing of this action, Defendant constantly and continuously called Plaintiff at, but not limited to, Plaintiff's cellular telephone number XXX-XXX- 4802.

11. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly.

12. Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day.

13. Within one year prior to the filing of this action, Defendant regularly called Plaintiff at Plaintiff's place of employment telephone number XXX-XXX- 8652.

14. Within one year prior to the filing of this action, Defendant regularly called Plaintiff once and then immediately called Plaintiff again. For example, on or about, July 10, 2014, Defendant called Plaintiff at, but not limited to 4:57 p.m. and 5:01 p.m. For example, on or about, July 20, 2014, Defendant called Plaintiff at, but not limited to 4:20 p.m. and 4:24 p.m.

15. On or about, June 10, 2014, at approximately 8:12 a.m., Defendant called Plaintiff on Plaintiff's cellular telephone from Defendant's telephone number 209-858-3919. Plaintiff answered the telephone and spoke with a representative of Defendant. Plaintiff notified Defendant's representative that Plaintiff was unable to make any payments. Plaintiff requested Defendant cease calling Plaintiff in the future. Plaintiff notified Defendant's

representative that Plaintiff would contact Defendant when Plaintiff was able to make a payment.

16. Subsequent to June 24, 2014, Defendant called Plaintiff's cellular telephone no less than seventeen (17) times.

17. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

18. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

19. At all times relevant to this action, while conducting business in New York, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

20. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

21. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

22.     Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

23.     Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on June 10, 2014.

24.     At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

25.     Defendant is not a tax exempt nonprofit organization.

26.     Defendant's violation of the TCPA was willful.  Defendant's violation of the TCPA was willful because Plaintiff requested Defendant stop calling Plaintiff.

27.     Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than seventeen (17) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V.     FIRST CAUSE OF ACTION

**(Violation of the FDCPA, 15 U.S.C. § 1692)**

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(b)     Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; and

(c)     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

30.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.    SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

32.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using

any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant's conduct violated the FDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)     An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. § 227(b)(3)(B); and

(d) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i) For such other and further relief as the Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: September 2, 2014              PRICE LAW GROUP, APC

By: /s/ Stuart M. Price

Stuart M. Price (SBN 513461)
15760 Ventura Boulevard, Suite 1100
Encino, California
Telephone: (818) 995-4540
Fax: (818) 205-2730
Email: stuart@pricelawgroup.com